(No. 36797.—

ROY G. WILCOX *et al.*, Appellants, *vs.* NATURAL GAS STORAGE COMPANY OF ILLINOIS, Appellee.

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

OLSEN & CANTRILL, of Springfield, and GRAY, McIN-TIRE, PETERSEN & ACKMAN, of Kankakee, (HAROLD M. OLSEN and DONALD GRAY, of counsel,) for appellants.

ROSS, McGOWAN & O'KEEFE, of Chicago, (CLARENCE H. ROSS, JOSEPH H. MUELLER, WAYNE D. JOHNSON, and EDWIN W. SALE, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiffs filed a declaratory judgment action to reform identical subterranean gas storage easements granted by them to the defendant. An answer, together with a motion for summary judgment supported by affidavits, was filed by defendant. The trial court denied a motion to strike the affidavits, granted a summary judgment and dismissed the complaint. This appeal followed.

The easements were obtained in 1952 for the purpose of developing underground gas storage in a geological structure or dome underlying plaintiffs' land at Herscher, in Kankakee County. The initial project was the development of the Ironton-Galesville sandstone storage reservoirs, which were put into operation soon after acquisition of the easements.

Defendant conducted exploratory operations in 1957 and 1958 and ascertained that additional storage was available in the Mount Simon sandstone formation located some 500 or 600 feet directly below the Ironton-Galesville struc-

ture. Preparatory to developing the Mount Simon storage, defendant filed a supplemental application with the Illinois Commerce Commission for the approval of an extension of its storage to include the Mount Simon formation. (The supplemental order approving this project was reviewed by us in *Wilcox* v. *Commerce Com.* 23 Ill.2d 432.) The development and operation of the Mount Simon storage was to be conducted under the original storage easements.

We defer consideration of plaintiffs' claim that summary judgment procedure is improper since a review of their primary contention, that the easements do not include the right of storage in the Mount Simon formation, will develop whether there are any remaining disputed questions of fact.

The following facts emerge from the affidavits submitted with the motion for summary judgment. Defendant's employees entered into negotiations with individual land owners in 1951 and 1952. Field employees were not authorized to, nor did they, make representation to any land owner that storage would be confined to the Ironton-Galesville formations. Defendant was then aware of the existence of the lower strata, but it had not been explored or tested. Two public meetings were held in the school auditorium at which the storage project was explained, and an officer of defendant there explicitly stated that storage rights were sought for all formations lying below 1500 feet as well as the Ironton-Galesville formations. The plaintiffs who executed the easements were represented by the same counsel and final negotiations were concluded through him.

The easements submitted for signatures of the plaintiffs were all in substantially the same form. The granting clause in each authorizes the introducting of gas "* * * into the geological strata known as the Ironton-Galesville sandstone underlying said land at a depth of more than 1500 feet, but not more than 3000 feet, *and into any other geo-*

*logical stratum or strata not containing oil or gas in commercial quantities lying below said Ironton-Galesville sandstones.* * * *" (Italics ours.) None of the plaintiffs ever objected to the language of the easement. That plaintiffs' counsel was fully aware of the provision for storage at a lower level is attested by the fact that at his request the words "lying below" were substituted in the last part of the italicized phrase for the word "underlying" which appeared in the draft submitted to him. One of his clients had the words appearing in the clause "but not more than 3000 feet" inserted in his easement. Plaintiffs' counsel later asked that it be included in the easements of the remaining plaintiffs so they would be uniform. Letters making that change were addressed to and acknowledged by those whose easements did not contain the words.

Identical counteraffidavits were filed by four land owners. Each says "he understood" that the storage areas were limited to the Ironton-Galesville formation; that at no time during the negotiations was there any reference or representation concerning a Mount Simon formation; and that it was never suggested that there was the possibility of storing gas in a storage area other than the Ironton-Galesville formations. An affidavit by their counsel was in a similar vein.

Plaintiffs assert that the pleadings and affidavits are sufficient to support reformation on the ground of mutual mistake. "To reform an instrument upon the ground of mistake, the mistake must be of fact and not of law, mutual and common to both parties, and in existence at the time of the execution of the instrument, showing that at such time the parties intended to say a certain thing and, by a mistake, expressed another." (*Ambarann Corp.* v. *Old Ben Coal Corp.,* 395 Ill. 154, 166.) There is no doubt that plaintiffs and their counsel knew of the existence and scope of the clause authorizing storage at a lower level. Their belief, if such it was, that storage was limited to the Ironton-

Galesville formations was a mistake of law, not of fact. There was no mistake by defendant since it readily admits that it knew of the existence of a lower formation, although suitability for storage was not established until the formation had been tested and explored 5 or 6 years later.

The alternative charge of fraud, added to the complaint after the motion for summary judgment was filed, cannot be supported. There is no allegation that defendant misrepresented the facts, so that fraud would have to be predicated upon nondisclosure of the possible existence of an underlying formation. Delivery of the easements was made by plaintiffs' counsel under an agreement to settle litigation pertaining to one phase of the storage project, and followed extensive arm's length bargaining with him. No facts were alleged in plaintiffs' affidavits to indicate that nondisclosure was deliberate or with an intention to deceive, nor was there any allegation that either plaintiffs or their attorney even made inquiry as to the purpose of the provision for use of any lower strata.

Since neither mutual mistake nor fraud exists under this record, we turn back to the question of whether summary judgment procedure was proper. It may not be used where material issues of fact are in dispute, but our review of the pleadings and affidavits compels the conclusion that no material issues of fact remain. The language of the easements is plain and unambiguous. Under such circumstances extrinsic evidence is not admissible to vary the terms of the agreement, and any disputed issues remaining fall within that category. The granting of summary judgment relief was proper.

We find no error in the judgment of the circuit court of Kankakee County and it is, accordingly affirmed.

*Judgment affirmed.*